OPINION *Page 2 
{¶ 1} On January 10, 2008, the Richland County Grand Jury indicted appellant, William Elson, on four counts of criminal child enticement in violation of R.C. 2905.05, four counts of attempted kidnapping in violation of R.C. 2923.02 and R.C. 2905.01, and four counts of attempted kidnapping with sexual motivation specifications in violation of R.C. 2923.02, R.C. 2905.01, and R.C. 2941.147. All charges arose from several incidents wherein appellant drove up to four different juveniles and attempted to lure them into his vehicle with offers of money.
 {¶ 2} A jury trial commenced on April 3, 2008. At the conclusion of the trial, the state dismissed the sexual motivation specifications attached to the four attempted kidnapping counts. The jury found appellant guilty of all the remaining counts. By sentencing entry filed April 10, 2008, the trial court merged the kidnapping counts and sentenced appellant to an aggregate term of thirty-two years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR BY ALLOWING IDENTIFICATION TESTIMONY ON REDIRECT EXAMINATION WHEN SAID TESTIMONY WAS BEYOND THE SCOPE OF CROSS-EXAMINATION."
 I {¶ 5} Appellant claims the trial court erred in permitting identification testimony on re-direct examination. We disagree. *Page 3 
 {¶ 6} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 7} One of the juveniles, L.P., testified during direct examination that "[s]ome dude came up to me in a blue — a blue station wagon and asked me if I wanted some money and get in the car." T. at 173. L.P. described the individual's vehicle, stated two letters from the license plate, and identified the vehicle in Plaintiff's Exhibit 3, a photograph depicting appellant's vehicle. T. at 177, 179. L.P. identified the individual as a white male with long hair (gray and brownish). T. at 177-178. The letters in the license plate stated by L.P. matched the letters in the license plate depicted in Plaintiff's Exhibit 3. T. at 180.
 {¶ 8} L.P.'s cross-examination covered his statement given to police and the letters on the license plate. Defense counsel asked L.P. as to whether the individual ever exited the vehicle. T. at 184. On re-direct, after being questioned about truthfulness, the prosecutor asked L.P. if he observed the individual in the courtroom, and L.P. pointed to appellant. T. at 188-189.
 {¶ 9} On re-cross, defense counsel questioned L.P. about the identification and whether or not he was prompted by his father to identify appellant. T. at 189-190.
 {¶ 10} The Ohio Rules of Evidence grants trial courts discretion in determining the mode and order of interrogation: *Page 4 
 {¶ 11} "(A) Control by court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Evid. R. 611(A).
 {¶ 12} We agree with appellant's argument that in the general scheme of trial order and progression, it is improper to re-direct on matters not raised in cross-examination. However, there was a limited question asked during cross as to what the individual who approached L.P. did, and the trial court permitted re-cross on the issue of identification. In addition, under Evid. R. 611(A)(1), L.P.'s identification led to the presentation of evidence to ascertain the truth.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
Farmer, P.J. Edwards, J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant. *Page 1